IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Adam Prostka, ) | No. CIV 06-1012-PHX-MHM (LOA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al, ) | |
| Respondents. ) | |

Petitioner Michael Adam Prostka ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Dkt.# 1). The matter was referred to Magistrate Judge Lawrence O. Anderson who has issued a Report and Recommendation that recommends that the Petition be denied as untimely. (Dkt.#13). Petitioner has not filed any objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. On August 15, 1994, Petitioner plead guilty to Counts one through five of the indictment and to Count six, murder in the second degree, a class 1 dangerous felony. (Respondents' Answer, Dkt.#10, Exhibits B,C). On November 4, 1994, Petitioner was sentenced to an aggravated term of 13.5 years imprisonment on Counts one through five and to a mitigated term of 12.5 years on amended Count six. Count six was ordered to be served consecutive to Counts one through five. (Id., Exhibits D).

On December 6, 1996, Petitioner filed a notice of post-conviction relief in state court. On December 19, 1996, the court dismissed the notice as untimely pursuant to Ariz.R.Crim.P. 32.4(a). (Id. Exhibits E,F). On January 22, 1997, Petitioner filed a motion for reconsideration which was denied by the trial court on March 19, 1997. (Id. Exhibits G,H). On April 24, 1997, Petitioner filed a petition for review in the Arizona Court of Appeals, which was denied on February 24, 1998. (Id. Exhibits I,J). Petitioner did not seek review with the Arizona Supreme Court.

Over six years later, on June 2, 2004, Petitioner filed a second notice of post-conviction relief in the trial court, which was dismissed on the grounds Petitioner's claims were precluded under Ariz.R.Crim.P. 32.2(a). (Id. Exhibit L). The Petitioner's subsequent motions for reconsideration of the trial court's ruling on the basis of <u>Blakley v. Washington</u>, 542 U.S. 296 (2004) was denied on September 14, 2004. (Id. Exhibits M,N,O). On October 12, 2004, Petitioner filed a petition for review with the Arizona Court of Appeals which was denied on August 2, 2005. (Id. Exhibits P,Q). On September 21, 2005, Petitioner filed a petition for review with the Arizona Supreme Court which was denied on January 23, 2006. (Id. Exhibits R,S).

On April 11, 2006, Petitioner filed the instant Petition raising two grounds: (1) Petitioner's sentences violates the holding of <u>Blakley</u> because the judge, rather than the jury, found the aggravating factors and (2) Petitioner's consecutive sentences violate the Sixth

1 Amendment and the Double Jeopardy Clause. (Dkt.#1). Respondents answered arguing that
2 the Petition should be dismissed as untimely. The Magistrate Judge recommends that the
3 Petitioner be dismissed as untimely. After reviewing the Magistrate Judge's Report and
4 Recommendation and the record in this case, the Court finds itself in agreement with the
5 Magistrate Judge.

6 Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.
7 § 2244(d)(1)(A) a federal habeas petition "must be filed within one year of the latest of the
8 date on which ... the judgment became final after the conclusion of direct review or the time
9 passed for seeking direct review..." The running of this one-year statute of limitations is
10 tolled during any period when "a properly filed application for state post-conviction or other
11 collateral review with respect to the pertinent judgment or claim is pending" in any state court.
12 Id. § 2244(d)(2). Here, because of the impact of the AEDPA's effective date, the applicable
13 one year period to file such a petition in federal court did not commence until April 25, 1996.
14 The applicable period then ran for 225 days until Petitioner filed his first notice of post-
15 conviction relief on December 6, 1996. This period was tolled until the Arizona Court of
16 Appeals dismissed the petition on February 24, 1998. Petitioner then had 140 days or until
17 July 14, 1999 to file his federal petition; however he did not do so until April 11, 2006; as
18 such the instant Petition is untimely. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2003)
19 (finding that once the limitations period has expired, it cannot be restarted by filing a petition
20 for post-conviction relief). Additionally, the Petitioner's argument that the holding in Blakely
21 by the Supreme Court in 2004 somehow would make his instant Petition timely is without
22 merit as that decision is not applied retroactively. Schardt v. Payne, 414 F.3d 1025, 1038 (9th
23 Cir. 2005) (holding that Blakely does not apply retroactively to a conviction that was final
24 before the decision was announced). Here, Petitioner's conviction and sentence became final
25 on November 4, 1994. Lastly, the Court finds that there is no basis to apply equitable tolling
26 to excuse Petitioner's tardiness.

27
28

1  Thus, the Court finds itself in agreement with the Magistrate Judge regarding the
2  untimeliness of Petitioner's Petition and notes that there have been no objections filed.

3  **Accordingly,**

4  **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
5  Recommendation in its entirety as the Order of the Court. (Dkt.#12).

6  **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
7  and dismissed with prejudice.  (Dkt.#1).

8  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
9  accordingly.

10  DATED this 20th day of December, 2006.

_____
Mary H. Murguia
United States District Judge

- 4 -